IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  COOK MEDICAL, INC.,
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION                    MDL No. 2440

----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 34
(Plaintiffs' Motion to Compel Production of Documents)

Pending before the court is Plaintiffs' Motion to Compel Production of Documents. (ECF No. 105). Defendants Cook Medical Incorporated, Cook Biotech Incorporated, and Cook Incorporated (collectively "Cook") filed a response in opposition to the motion, (ECF No. 128), and Plaintiffs filed a reply memorandum. (ECF No. 134). On Friday, April 4, 2014, the undersigned conducted a hearing on the motion at which the parties were represented by counsel. After considering the arguments of counsel, the court **GRANTS** the motion to compel as follows.

First, Plaintiffs complain that Cook asserted a list of general objections at the outset of its responses, which Cook then adopted and incorporated into its answers to each and every discrete request. Clearly, the use of general objections in this fashion is not acceptable. *See, e.g., Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010)(mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager*

1

*v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. 2010)("general objections to discovery, without more, do not satisfy the burden of the responding party … because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W.Va. 2009)("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 359 (D.Md. 2008)(court disapproves of a general objection asserted "to the extent" that it applies). Accordingly, Cook is **ORDERED** to supplement its answers to requests for production of documents **on or before May 2, 2014** stating the specific objections applicable to each individual request. If relevant materials are withheld from production on the basis of a privilege or other protection, Cook shall so state in its response and shall supplement its privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).

Second, Plaintiffs claim that Cook's document production is moving "at glacial pace." (ECF No. 105 at 8). Since the filing of the motion to compel, Cook has supplemented its document production significantly. However, the production chart contained at paragraph 14 of Cook's Answers and Objections to Plaintiffs' First Request for Production of Documents to Cook Defendants has not yet been updated to reflect the supplementation. Accordingly, Cook is **ORDERED** to update its production chart and report to the undersigned the status of its efforts at the next telephonic discovery conference on April 11, 2014.

Finally, Plaintiffs contend that the document production is woefully incomplete. Cook agrees that there are documents left to be produced, but emphasizes that it has been working diligently to collect, review, and produce the documents promptly and on a rolling basis as instructed by the court. Cook estimates that the document production

should be essentially complete by early May 2014. Accordingly, Cook is **ORDERED** to supplement its answers to requests for production of documents **on or before May 2, 2014**, providing Plaintiffs with substantive information regarding the status of the document production pertinent to each individual request. ***For example***, Cook may indicate in response to each request one of the following: (1) no responsive documents exist; or (2) a search has been conducted and no responsive documents have been located; or (3) a search has been conducted and essentially all responsive documents have been produced; or (4) a search has been conducted and essentially all responsive documents have been produced, except for those withheld based upon a privilege or protection; or (5) a search is ongoing and a portion of the responsive documents have been produced (except those withheld based upon a privilege/protection, if applicable), but additional documents are in the process of being collected; or (6) a search is ongoing and the documents will be produced in the future. For any documents not produced, Cook shall provide Plaintiffs with an estimate of the volume of documents remaining.

  The court **DIRECTS** the Clerk to file a copy of this order in 2:13-md-2440, and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:14-cv-13946. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered

by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** April 4, 2014

Cheryl A. Eifert
United States Magistrate Judge