# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: COOK MEDICAL, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION            MDL NO. 2440

THIS DOCUMENT RELATES TO ALL CASES

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

Pending before the court is Anderson Law Office's ("ALO") Motion to Partially Alter, Amend, or Reconsider Judgment [ECF No. 740]. The Motion is **DENIED**.

### II.     Discussion

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of that judgment. "Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment"; however, the Fourth Circuit has "previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be

used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* "Mere disagreement does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

ALO has not directed the court to an intervening change in controlling law or new evidence that was not available at the time of this court's Allocation Order. Accordingly, the court must review whether ALO has identified a "clear error of law" or "manifest injustice" in the Allocation Order. ALO has proven neither.

First, ALO's Motion merely recites arguments ALO has already made to this court. Specifically, ALO objects to this court's percentage-of-the-fund approach to fee allocation. ALO, however, has already raised this precise argument to the court in prior objections. Simply put, Rule 59(e) does not provide an opportunity to "rehash[] arguments made prior to the judgment." *Bowers v. Perry*, No. 2:14-cv-27242, 2016 WL 3365485, at *1 (S.D. W. Va. June 26, 2016) (Goodwin, J.).

ALO also asserts that it is no longer fair and just for any waiver of appeal rights to be enforced, but it has fallen far short of demonstrating that the appellate waiver results in a manifest injustice. ALO agreed to waive its appellate rights of this court's fee allocation and did so knowingly and voluntarily. As this court has noted throughout this litigation, "a request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The appellate waiver set forth in this court's Management Order avoids the potential for such litigation. ALO's knowing and express waiver of the right to appeal does not result in a manifest injustice simply because ALO was unhappy with this court's Allocation Order. ALO has

failed to meet its burden of demonstrating that this court should impose the "extraordinary remedy" of amending its prior judgment.

### III. Conclusion

For the abovementioned reasons, the Motion to Partially Alter, Amend, or Reconsider Judgment [ECF No. 740] is **DENIED**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:13-md-2440. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 2, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE