# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: COOK MEDICAL, INC.
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION                                    MDL NO. 2440

THIS DOCUMENT RELATES TO ALL CASES

## ORDER

Pending before the court is Anderson Law Offices' Motion for Stay of Execution [ECF No. 738]. Anderson Law Offices ("ALO") requests that I stay my allocation order entered on July 25, 2019, pending an appeal.

At its inception, I took steps to ensure qualified and representative participation in the tasks necessary for the development of this massive litigation. During its course, I regularly prescribed standard guidance across all seven MDLs for the common benefit work to be performed, evaluated and compensated. That guidance was designed to ensure fairness, transparency, and efficiency.

I specifically addressed the structure for the performance of common benefit work, the establishment of a common benefit fund, and I prescribed conditions for participation in the performance of common benefit work. All the participating law firms agreed to the conditions for participation which included a waiver of any right to appeal my final determination as to fee and cost allocations. This provision was considered desirable by the participants and by me, as we were all aware of the potential for tactical peripheral litigation concerning attorneys' fees. The earlier appeal by Kline & Spector and the pending motion makes plain that we were prescient.

Further, I provided firm guidance for the open, fair, and exhaustive evaluation of common benefit claims for compensation. I appointed a Fee and Cost committee that was broadly representative and established standards and considerations for their work in evaluating claim submissions by participating law firms. After careful review, I found that the Fee and Cost Committee performed that work consistent with my orders and guidance, and I adopted their final recommendation as adjusted by the external review specialist [ECF No. 703]. I entered the allocation order.

Now, ALO seeks to stay that order pending an appeal that it intends to pursue. I carefully considered its motion and supporting memoranda as well as the response of the Fee and Cost Committee and ALO's reply.

Any movant for a stay pending appeal must make a strong showing that he is likely to succeed on the merits. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009). Upon consideration, I find no good-faith legal basis for ALO's motion for a stay pending appeal much less a chance for success on the merits. ALO along with other participating counsel "knowingly and voluntarily agreed to be bound by the district court's attorneys' fees and expenses determinations and, thus . . . waived its right to appeal its attorneys' fees and expenses award." *In re Ethicon, Inc.*, Nos. 19-1224–30 (4th Cir. 2019). One who has waived his right to appeal has no chance of succeeding with it.

I considered all four factors necessary for granting a stay and **FIND** that Anderson Law Offices has failed to carry the heavy burden of showing circumstances that justify the issuance of the discretionary stay. The motion for stay is **DENIED**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:13-md-2440. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the

court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 2, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE